IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**HELEN MARROQUIN**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

Case No. 17-cv-426

vs.

**KLEENMARK SERVICES CORP.**,
1210 Ann Street
Madison, WI 53713

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Helen Marroquin ("Plaintiff"), on her own behalf and on behalf of the proposed classes identified below. Plaintiff and the putative class members, during the three years preceding this lawsuit, were employed as cleaners by Defendant, KleenMark Services Corp. ("Defendant"). In this role, Plaintiff and the putative class members worked at multiple locations performing cleaning services for Defendant's clients and were required by Defendant to travel from location to location. However, Plaintiff and the putative class members were not compensated for the time it took to travel between work sites as part of the continuous work day. In addition, Plaintiff and the putative class members were

paid at different rates for work performed depending on the job site. When Plaintiff and the putative class members worked hours over 40, Defendant failed to blend the different regular rates to compute the overtime rate and, as a result, deprived Plaintiff and the putative class members of overtime wages. Plaintiff, on behalf of herself and the putative classes, alleges that this conduct is in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109, *et seq.*

## JURISDICTION AND VENUE

2. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a cleaning business in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff, Helen Marroquin, is an adult resident of Madison, Wisconsin. Marroquin was employed as a cleaner by Defendant in the past three years. Marroquin's signed consent form is filed as Exhibit A to this Complaint and is incorporated herein by reference.

5. Defendant, KleenMark Services Corp., is a domestic business with its principal office at 1210 Ann Street, Madison, Wisconsin. KleenMark Service Corp.'s registered agent for service of process is Scott Stevenson.

6. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

## FACTUAL ALLEGATIONS

7. Throughout the three years preceding the filing of this lawsuit, Plaintiff and the putative class members are or were employed by Defendant as cleaners.

8. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the putative class members were classified by Defendant as non-exempt from overtime wages.

9. Cleaners are assigned to different work sites which may have different rates of pay.

10. Upon information and belief, when a cleaner who is paid at different rates for different work sites and their hours of work in a workweek exceed 40, Defendant does not pay overtime wages using the weighted average of the cleaner's regular rate of pay, also referred to as a blended rate.

11. Plaintiff and the putative class members were only compensated for the time spent at work sites. They received no compensation for time spent traveling between work sites.

12. Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are currently employed by KleenMark Services Corp. as cleaners who have not been compensated at a rate of one-and-one-half times their regular rate of pay for hours worked over 40 in a workweek at any time from three years prior to the commencement of this lawsuit to the present and ongoing.

13. Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Wisconsin Overtime Class** is defined as:

> All persons who have been or are currently employed by KleenMark Services Corp. as cleaners who have not been compensated at a rate of one-and-one-half times their regular rate of pay for hours worked over 40 in a workweek at any time from two years prior to the commencement of this lawsuit to the present and ongoing.

14. Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Wisconsin Travel Time Class** is defined as:

> All persons who have been or are currently employed by KleenMark Services Corp. as cleaners who have not been compensated for all hours worked at any time from two years prior to the commencement of this lawsuit to the present and ongoing.

## CLASS ALLEGATIONS

15. Plaintiff brings the Second and Third Claims for Relief on her own behalf and on behalf of the **Wisconsin Overtime Class** and **Wisconsin Travel Time**

Class (hereafter "Wisconsin Classes"), as defined in paragraphs 13 and 14, *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

16. The persons in the Wisconsin Classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy the definitions of each class.

17. There are questions of law and fact common to the Rule 23 Wisconsin Overtime Class that are capable of class-wide resolution and predominate over any questions solely affecting individual members of the class, including but not limited to:

> (a) Whether Defendant maintained a common practice of unlawfully failing to pay overtime compensation at the rate of one-and-one-half the regular rate of pay for all hours worked in excess of 40 hours per workweek to Plaintiff and the members of the putative class in violation and within the meaning of Wis. Stat. § 103.03 and Wis. Adm. Code § DWD 274.03;
>
> (b) The nature and amount of compensable work performed by Plaintiff and the members of the putative class;
>
> (c) Whether Defendant employed Plaintiff and the members of the putative class within the meaning of Wisconsin Law; and
>
> (d) The proper measure of damages sustained by Plaintiff and the members of the putative class.

18. There are questions of law and fact common to the Rule 23 Wisconsin Travel Time Class that are capable of class-wide resolution and predominate over any questions solely affecting individual members of the class, including but not limited to:

5

(a) Whether time spent traveling between work sites is "work" within the meaning of Wis. Adm. Code § DWD 272.12;

(b) Whether Defendant maintained a common practice of unlawfully failing to compensate Plaintiff and the members of the putative classes for all hours of work performed;

(c) The nature and amount of compensable work performed by Plaintiff and the members of the putative classes;

(d) Whether Defendant employed Plaintiff and the members of the putative classes within the meaning of Wisconsin Law; and

(e) The proper measure of damages sustained by Plaintiff and the members of the putative classes.

19. Plaintiff's claims are typical of those of the Wisconsin Classes. Plaintiff, like other putative members of the Wisconsin Overtime Class, was subjected to Defendant's illegal pay policies and practices of failing to pay employees one-and-one-half times their regular rate for all hours worked over 40 in a workweek. Plaintiff was also subjected to Defendant's illegal practice of failing to pay employees for all hours worked in violation of Wisconsin law, like other putative members of the Wisconsin Travel Time Class.

20. Named Plaintiff, Marroquin, will fairly and adequately protect the interests of the putative Wisconsin Classes and has retained counsel experienced in complex wage and hour litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a large corporate defendant and where individual plaintiffs may have relatively small claims.

22. Class certification of the Second and Third Claims for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Classes predominate over any questions affecting only individual members of the Classes and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Classes wages for work performed to which they are entitled. The damages suffered by the individual members of the Wisconsin Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, combining all members subject to Defendant's uniform illegal policies in a single suit best serves the interests of judicial efficiency. Finally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

23. Plaintiff intends to send notice to all members of the Wisconsin Classes to the extent required by Fed. R. Civ. P. 23.

**<u>FIRST CLAIM FOR RELIEF</u>**
**FAILURE TO PAY OVERTIME COMPENSATION**
**IN VIOLATION OF THE FLSA**

24. Plaintiff, individually and on behalf of the Overtime Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

25. Plaintiff and the members of the Overtime Collective Class are employees of KleenMark Services Corp. within the meaning of 29 U.S.C. § 203(e).

26. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

27. Per 29 C.F.R. § 778.115, when an employee is compensated at different straight time hourly rates, the regular rate of pay used to determine the overtime rate is the weighted average of those rates.

28. During the applicable statute of limitations, Plaintiff and the members of the Overtime Collective Class performed work in excess of 40 hours per workweek but were not paid one-and-one-half times their regular rate of pay for all overtime hours worked.

29. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff and the members of the Overtime Collective Class have suffered a wage loss.

30. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the members of the Overtime Collective Class overtime wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF WISCONSIN LAW

31. Plaintiff, individually and on behalf of the Wisconsin Overtime Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

32. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

33. At all relevant times, KleenMark Services Corp. has been, and continues to be, an "employer" within the meaning of Wis. Stat. § 103.001, Wis. Stat. § 104.01, and Wis. Stat. § 109.01(2).

34. At all relevant times, Plaintiff and the members of the putative Wisconsin Overtime Class were employees of KleenMark Services Corp. within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 104(2), and Wis. Stat. § 109.01(1r).

35. Wisconsin Statute § 103.02 and Wisconsin Administrative Code § DWD 274.03 require an employer to pay overtime compensation at one-and-one-half times the regular rate of pay to all non-exempt employees.

36. During the applicable statute of limitations, Defendant had a policy and practice of failing to pay overtime wages at one-and-one-half times their regular rate of pay to Plaintiff and the members of the Wisconsin Overtime Class for all hours worked in excess of 40 hours per workweek.

37. As a result of Defendant's willful failure to pay overtime wages earned and due to Plaintiff and the members of the putative Wisconsin Overtime Class,

Defendant has violated, and continues to violate, Wis. Stat. §§ 103.02 and 109.03, and Wis. Admin. Code § DWD 274.03.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PAY WAGES
### IN VIOLATION OF WISCONSIN LAW

38. Plaintiff, individually and on behalf of the Wisconsin Travel Time Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

39. The foregoing conduct, as alleged, violates Wis. Stat. § 104.02, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 272.03.

40. Wisconsin Statute § 109.03 requires payment of all wages earned by the employee on a day not more than 31 days after the date of work performed.

41. Wisconsin Administrative Code § DWD 272.12(g) states travel that is all in a day's work is compensable work time.

42. During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay regular and minimum wages to Plaintiff and the members of the Wisconsin Travel Time Class for all hours worked.

43. As a result of Defendant's willful failure to pay regular and minimum wages earned and due to Plaintiff and the members of the putative Wisconsin Travel Time Class, Defendant has violated, and continues to violate, Wis. Stat. §§ 109.03, and 104.03, and Wis. Admin. Code § 272.03.

44. Plaintiff, on behalf of herself and the members of the Wisconsin Travel Time Class, seeks recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on her behalf and on behalf of all members of the Collective Classes and the Wisconsin Classes, requests the following relief:

A. An order designating this action as a collective action on behalf of the Overtime Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class and Wisconsin Travel Time Class pursuant to Fed. R. Civ. P. 23;

C. An order designating Helen Marroquin as the Named Plaintiff and as representative of the Wisconsin Classes set forth herein;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Defendant violated the FLSA and Wisconsin wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Defendant in the amount equal to the Named Plaintiff's and the Collective Classes' and Wisconsin Classes' unpaid back wages at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Wis. Stat. § 109.11 and 29 U.S.C. § 216(b);

I. An award of reasonable attorney's fees and costs under Wis. Stat. § 109.03(6) and 29 U.S.C. § 216(b);

J. Such further relief as the Court deems just and equitable.

Dated this 1st day of June, 2017.

                        **HAWKS QUINDEL, S.C.**
                        *Attorneys for the Plaintiff*

                        By: */s/ David C. Zoeller*
                        David C. Zoeller, State Bar No. 1052017
                        Email: dzoeller@hq-law.com
                        Caitlin M. Madden, State Bar No. 1089238
                        Email: cmadden@hq-law.com
                        409 E. Main St.
                        P.O. Box 2155
                        Madison, Wisconsin 53703
                        Telephone: (608) 257-0040
                        Facsimile: (608) 256-0236